### GUS KEY v. STATE.

No. A-5155.   Opinion Filed Nov. 6, 1925.
Rehearing  Denied  Jan.  23,  1926.
(242 Pac. 582.)

R. C. Roland, and Matson & Mathers, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information charges that in Carter county, December 2, 1923, the defendant, Gus Key, did have in his possession certain intoxicating liquor, to wit, three pints of whisky, with the unlawful intent then and there to give, sell, barter, and otherwise furnish the same. Upon the trial the jury returned a verdict finding the defendant guilty as charged in the information and fixing his punishment at a fine of $250 and confinement in the county jail for 90 days. From the judgment he appeals.

The errors assigned and relied on for a reversal are that the evidence is insufficient to support the verdict, and that the court erred in overruling the motion for a new trial.

Hale Dunn, policeman, city of Ardmore, testified that he was standing in front of the Simpson building as the defendant entered the building and pulled his coat and showed two bottles in his pocket; that he followed the defendant to the elevator and searched him and found three pint bottles of whisky, which he labeled, and the same were introduced in evidence; that Officer Cliff Keirsey assisted him.

As a witness in his own behalf the defendant testi-

fied: That he was arrested by Officers Dunn and Keirsey, and they took from him the three bottles testified to. That the bottles belonged to Harry Kessler. That he met Kessler in the Gem Waffle House. Kessler said that he had sent a boy to bring him some whisky that he was going to take to a sick lady in Oklahoma City, and asked the defendant to stay there and tell the boy where to go. After Kessler left the boy drove up in a Ford car, and they went to the Simpson building to get the grips, and as he walked into the elevator the officers came in and said, "We want to search you;" and he told them, "All right;" that it was not his whisky.

There was, we think, sufficient evidence to warrant submission of the case to the jury, both as to the possession and the unlawful intent.

Upon an examination of the record we find nothing that gives us a right to say that the interests of justice require a new trial.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.